F I L E D

JUL 1 3 2018

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
              DEPUTY CLERK

1  McGREGOR W. SCOTT
   United States Attorney
2  LEE S. BICKLEY
   MICHAEL TIERNEY
3  Assistant United States Attorneys
   2500 Tulare Street, Suite 4401
4  Fresno, CA 93721
   Telephone: (559) 497-4000
5  Facsimile:  (559) 497-4099

6
   Attorneys for Plaintiff
7  United States of America

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,            CASE NO.
                                         1: 1 8 CR - 0 0 1 5 5 LJO SKO
12                Plaintiff,

13            v.

14  SANDRA HAAR,

15                Defendant.

16

17                        I N F O R M A T I O N

18
   COUNT ONE: [18 U.S.C. § 1347 – Healthcare Fraud]
19
        The United States Attorney charges: T H A T
20
                            Sandra Haar,
21
   defendant herein, as follows:
22

23      1.  Beginning on a date unknown, but not later than approximately January 2014, and continuing up

24  to at least approximately March 2017, in the County of Merced in the State and Eastern District of

25  California and elsewhere, defendant, along with others, knowingly and willfully participated in and

26  executed a material scheme and artifice to (1) defraud a health care benefit program, as defined in Title

27  18, United States Code, Section 24(b), to wit Medi-Cal and Medicare (the "Plans"), and (2) to obtain, by

28  means of materially false and fraudulent pretenses, representations and promises, money owned by and

1 under the custody and control of the Plans, all in connection with the delivery of and payment for health
2 care benefits, items, and services, in violation of Title 18, United States Code, Section 1347.

3
4 2. For example, as part of the scheme, on or about June 1, 2015, in the State and Eastern District of
5 California and elsewhere, for the purpose of executing and attempting to execute the aforementioned
6 scheme and artifice to defraud, defendant SANDRA HAAR did knowingly and willfully cause to be sent
7 or delivered a bill to Medi-Cal for $212 for heroin detoxification services and was reimbursed $160.60
8 on or about August 1, 2016, for Patient A. Instead of being seen at a clinic, Patient A was not treated
9 but rather was just dispensed Suboxone in a Ziploc bag in a parking lot. Haar knew Medi-Cal would not
10 have reimbursed for this "service" if it had known the true nature of the visit.

11 3. For example, as part of the scheme, on or about June 4, 2014, in the State and Eastern District of
12 California and elsewhere, for the purpose of executing and attempting to execute the aforementioned
13 scheme and artifice to defraud, defendant SANDRA HAAR did knowingly and willfully cause to be sent
14 or delivered a bill to Medi-Cal for $142 for Patient B being seen by a licensed clinical social worker and
15 was reimbursed $91.27 on or about July 21, 2014. Patient B was not seen by a licensed clinical social
16 worker but rather was seen by an unlicensed Christian counselor. Haar knew Medi-Cal would not have
17 reimbursed for this service.

18
19 4. For example, as part of the scheme, on the State and Eastern District of California and elsewhere,
20 for the purpose of executing and attempting to execute the aforementioned scheme and artifice to
21 defraud, defendant SANDRA HAAR did knowingly and willfully cause to be sent or delivered bills to
22 Medi-Cal for dental and medical services that were not rendered for Patient C on or about June 27, 2014
23 (billed $143 and paid $97.02), for Patient D on or about August 1, 2014 (billed $138 and paid $53.71),
24 and for Patient E on or about July 16, 2015 (billed $138 and paid $58.81). Haar knew Medi-Cal would
25 not have paid any of these amounts if it had known services were not rendered.

26 COUNT TWO: [18 U.S.C. § 371 – Conspiracy to Receive Kickbacks]

27 The United States Attorney further charges: T H A T

28 SANDRA HAAR,

INFORMATION                                                                        2

1 | defendant herein, as follows:

2 | 5. Beginning on a date unknown, but not later than approximately January 2014, and continuing up
3 | to at least March 2017, in the County of Merced in the State and Eastern District of California and
4 | elsewhere, defendant, along with Coconspirator A, did willfully and knowingly conspire, confederate
5 | and agree with each other and others, known and unknown to the Grand Jury, to commit certain offenses
6 | against the United States, that is,

7 |            a. to violate Title 42, United States Code, Section 1320a-7b(b)(1)(A) by knowingly and
8 |               willfully soliciting or receiving any remuneration (including any kickback, bribe, or
9 |               rebate) directly or indirectly, overtly or covertly, in cash or in kind in return for referring
10 |               an individual to a person for the furnishing or arranging for the furnishing of any item or
11 |               service for which payment may be made in whole or in part by Medi-Cal or Medicare,
12 |               health care programs as defined in Title 18, United States Code, Section 24(b)
13 | in violation of Title 18 United States Code, Section 371.

14 | 6. In furtherance of the conspiracy, and to accomplish it purposes and objects, at least one of the
15 | conspirators committed, or caused to be committed, in the Eastern District of California the following
16 | overt acts, among others:

17 | 7. On or about February 12, 2016, Coconspirator A paid Haar at least $1,000 in cash in exchange
18 | for referring Medicare and Medi-Cal patients to his employer Foundation Laboratories for laboratory
19 | testing services;

20 | 8. On or about February 15, 2016, Haar caused Doctor A to request Foundation Laboratories to test
21 | Patient A's urine and bill Medi-Cal for that service. Foundation Laboratories billed Medi-Cal $210 for
22 | those tests and received $52.56 from Medi-Cal;

23 | 9. On or about February 15, 2016, Haar caused Doctor A to request Foundation Laboratories to
24 | conduct a Vitamin D test on Patient B. Foundation Laboratories billed Medicare $75.00 for that service
25 | and was reimbursed $39.52; and

26 | 10. On or about April 20, 2016, Coconspirator A paid Haar at least $2,000 in cash in exchange for
27 | referring Medicare and Medi-Cal patients to his employer Foundation Laboratories for laboratory testing
28 | ////

INFORMATION                      3

1 | services, all in violation of Title 18 United States Code, Section 371.

2

3 | Dated: **7/5/18**

MCGREGOR W. SCOTT
United States Attorney

4

5 | By: LEE S. BICKLEY

6 | MICHAEL TIERNEY

7 | Assistant United States Attorneys

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INFORMATION                                        4

**United States v. Sandra Haar**
**Penalties for Superseding Information**

**COUNT 1:**          Sandra Haar

VIOLATION:          18 U.S.C. § 1347 – Healthcare Fraud

PENALTIES:          A maximum of up to 20 years in prison; or
Fine of up to $250,000 or twice the value of the gross gain derived by the fraud;
or both fine and imprisonment
A three-year term of Supervised Release

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNT 2:**          Sandra Haar

VIOLATION:          18 U.S.C. § 371 – Conspiracy to Receive Kickbacks

PENALTIES:          A maximum of 5 years in prison; or
Fine of up to $250,000 or twice the value of the gross gain derived by the fraud;
or both fine and imprisonment
A three-year term of Supervised Release

SPECIAL ASSESSMENT: $100 (mandatory on each count)