Amanda K. Moran SBN 311090
**MORAN LAW FIRM**
    1330 "L" Street, Suite A
    Fresno, California 93721
    *T.      (559) 264-2688*
    *F.      (559) 264-2683*
    *info@moranlawfresno.com*

Counsel for Defendant, SANDRA HAAR

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>    v.<br><br>SANDRA HAAR,<br><br>                              Defendant. | Case No. 1:20-CV-_____<br>Criminal No. 1:18-CR-155<br><br>DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT A SENTENCE PURSUANT TO TITLE 28 U.S.C. §2255<br><br>Date: No Oral Arguments Calendared |

SANDRA HAAR, by and through counsel Amanda Moran, respectfully moves this Court to modify her sentence pursuant to the *writ of habeas corpus*, codified in Title 28 U.S.C. §2255.

This initial brief is intended for supplementation as this motion is held in abeyance, pending the outcome of defendant's appeal of §3582(c)(1)(A) sentence modification denial

**General Orders 612 & 614 and Oral Arguments**

On March 18, 2020 General Order 612 closed all federal courthouses in the Eastern District of California to the public and continued all motion hearings until May 1st.

On March 30, 2020, under General Order 614, Chief Judge Mueller authorized video-teleconferencing and telephone conferencing for criminal proceedings authorized under the Coronavirus Aid, Relief and Economic Security (CARES) Act.

Whereas section 15002(b)(1) of the CARES Act, as well as General Oder 614, authorizes video-teleconferencing and telephone conferencing for several enumerated types of hearings, defendant and counsel for defendant requests an evidentiary hearing and oral arguments on the merits of the issues stated herein.

# Table of Contents

I. PRELIMINARY STATEMENT.................................................................................3

II. STATEMENT OF EVENTS AND PROCEDURAL HISTORY.....................................3

III. Tolling..........................................................................................................4

IV. ARGUMENT SUMMARY................................................................................5

V. GENERAL STANDARDS OF REVIEW..............................................................6

VI. ARGUMENT ONE – INEFFECTIVE ASSISTANCE OF COUNSEL........................6

Standard of Review.........................................................................................6

Argument – The Government Breached the Plea Agreement and Defense Counsel Did Nothing..........................................................................................................8

Argument – Defense Counsel Failed To Investigate Fruitful Evidence.........................11

VII. THE GOVERNMENT WITHHELD EVIDENCE AND BREACHED THE PLEA AGREEMENT.......................................................................................................12

VIII. Conclusion.................................................................................................13

Respectfully submitted this Sixteenth......................................................................1

1

# Table of Authorities

2

ABA Criminal Justice Standard 4-4.1(b)......................................................................11

3

Burger v. Kemp, 483 U.S. 776, 794 (1987)............................................................11

4

Hill v. Lockhart, 474 U.S. 52 (1985)........................................................................8

5

Kimmelman v. Morrison, 477 U.S. 365, 384 (1986)..............................................11

6

Machibroda v. United States, 368 U.S. 487 (1962)..............................................13

7

Porter v. McCollum, 558 U.S. 30, 39 (2009)..........................................................7

8

Rompilla v. Beard, 545 U.S. 374, 380-90 (2005)..................................................11

9

Santobello v. New York, 404 U.S. 257 (1971).......................................................12

10

Strickland v. Washington, 466 U.S. 668 (1984)......................................................7

11

Tate v. Wood, 963 F.2d 20 (2nd Cir. 1992)...........................................................12

12

Tollett v. Henderson, 411 U.S. 258 (1973)..............................................................8

13

United States v. Cronic, 466 U.S. 648 (1984).........................................................7

14

Wiggins v. Smith, 539 U.S. 510 (2003)..............................................................7, 11

15

Williams v. Taylor, 529 U.S. 362, 296 (2000).......................................................11

16

17

## I.      PRELIMINARY STATEMENT

18

The *writ of habeas* corpus has evolved from its common law roots into a codified section

19

of Title 28 with the Antiterrorism and Effective Death Penalty Act of 1996. Pub. L. No.

20

104-132.

21

     Defendant Haar did not directly appeal her sentence to the Ninth Circuit, and has

22

only requested a modification of her sentence after the COVID-19 pandemic struck the

23

globe, threatening her health and life. After this Court denied that petition, Defendant Haar

24

appealed that denial, which is still pending before the Ninth Circuit Court of Appeals.

25

     Defendant Haar was sentenced to a term of imprisonment of sixty months. This term

26

is longer than it rightfully should be and must be corrected. There are two main reasons for

27

this erroneous sentence. First, the Government acted in bad faith and in breach of the plea

28

agreement that is on record unredacted, and unsealed.

1    Second, because defendant's counsel was constitutionally ineffective, the plea

2    agreement was not enforced, causing the sentence to be pronounced in violation of the plea

3    agreement that was in place at the time. For these reasons, a correction is needed.

4

5    **II.    STATEMENT OF EVENTS AND PROCEDURAL HISTORY**

6    Defendant Haar was a Nurse Practitioner and Chief Executive Officer of Horisons

7    Unlimited. Haar founded this non-for-profit organization to provide outpatient health and

8    dental services. Though a network of eight clinics, Haar did just that serving the under-

9    served citizens of Merced and the surrounding communities.

10   In or around November of 2016, clinics owned by Horisons Unlimited were raided

11   by federal law enforcement and a multitude of boxes containing clinical records were

12   seized. About this time, Haar was having severe medical problems. She had a stroke on

13   December 21, 2016, followed by multiple brain surgeries in 2017. See Doc. 30.

14   It was during this time that Haar was expected to make decisions regarding her own

15   case by her then-attorneys Paul Delano Wolf and Adam Pannella. Her mental capacity was

16   significantly diminished during this time due to the severe brain injuries caused by her

17   stroke. Regardless, Mr. Wolf and Mr. Pannella saw fit to continue plea negotiations and

18   secure a plea.

19   During this time, Haar and her attorneys were not allowed to review any of the

20   seized documents that could easily have made the defense position during plea negotiations

21   stronger. Despite her medical condition and diminished capacity to analyze her own

22   defense position, the government interviewed Haar mutliple times and stipulated in her

23   plea agreement that they would move the Court to depart downward from her guidelines

24   range by up to 50%.

25   Mrs. Haar was charged with an information on July 13, 2018 alleging multiple

26   violations of fraud in connection to her network of healthcare clinics in the Central Valley.

27   She pleaded guilty on that same day. Docs. 1 & 2.

28

Haar signed this plea agreement assuming the government would act in good faith and file their motion for Rule 35 sentencing mitigation. The government filed no such motion before sentencing, and has not filed that motion to date.

Haar was sentenced on November 4, 2019 to a term of 60 months in prison and 36 months of supervised release after pleading guilty to:

> Count 1: Healthcare Fraud, in violation of 18 U.S.C. §1347; and,

> Count 2: Conspiracy to Receive Kickbacks, in violation of 18 U.S.C. §371.

> (See Judgment Order, Doc. 25.)

She surrendered herself on January 15, 2020 to Federal Medical Center (FMC) Carswell in Fort Worth, Texas and has been housed at that facility since her surrender.

## III.    Tolling

Defendant Haar's sentence became final fourteen calendar days after her sentence was pronounced, when the opportunity to file an appeal to the Ninth Circuit expired. Haar was sentenced on November 4, 2019, and thus this filing is due on or before November 18, 2020.

Because this pleading is filed before November 18th, it is timely.

## IV.    ARGUMENT SUMMARY

The arguments in favor of this motion are broken down into three sections. First, defendant Haar's counsel at plea and sentencing was constitutionally ineffective. The defense provided for her meets both the ineffective and prejudice prongs of the *Strickland* test.

Next, Counsel for the government breached the plea agreement by failing to file for Rule 35 sentencing departure. See Fed.R.Crim.P. 35(b) and U.S.S.G. §5K1.1. Haar provided a vast amount of knowledge and information that was vital to the government investigation of this case, including others involved. The plea agreement stipulated that the government would file this motion, even though it did not state the specific amount of reduction (in percentage) that it would seek. This was not done.

Third, the government committed misconduct, and defense counsel was ineffective, because the bulk of the defense materials that would have created a stronger position at plea were held hostage by the government after seizure from Haar's clinics.

Haar's mental capacity was diminished at this time and she relied on the experience and expertise of her defense counsel to advocate for her in the most effective and to the least amount of detriment to her as possible. Defense counsel did not pursue, nor did the government allow, examination of any of these documents that could mitigate restitution, sentence, and the impact of the government's prosecution to her.

For these three reasons, the sentencing of Mrs. Haar must be revisited and corrected.

## V.    GENERAL STANDARDS OF REVIEW

A motion for relief under §2255 follows the procedures established by the "rules Governing Section 2255 Cases in the United States District Courts" (hereinafter, the "Rules" or "Rule").

The text of §2255 states that, "[u]nless the motion of the files and records of the case *conclusively* show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. §2255 (emphasis added).

Similarly, the Rules dictate that, upon initial consideration by the assigned District Judge, a 2255 motion should be dismissed only "if it *plainly* appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) (emphasis added). In all other cases, "the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take action the judge may order." *Id.* The rules also authorize, where appropriate and by order of the Court, discovery proceedings, an expansion of the record, and an evidentiary hearing.

Subsequent to the "Preliminary Review" stage set out in Rule 4, the ultimate legal standard for motions brought pursuant to §2255 is prescribed by statute:

If the court finds that … the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate. 28 U.S.C. §2255.

## VI.   ARGUMENT ONE – INEFFECTIVE ASSISTANCE OF COUNSEL
### Standard of Review

The Supreme Court of the United States established the framework for determining ineffective assistance of counsel in the landmark decision of *Strickland v. Washington*, 466 U.S. 668 (1984) and a series of cases which built upon it.  *See, e.g., Wiggins v. Smith,* 539 U.S. 510 (2003)*; Porter v. McCollum,* 558 U.S. 30, 39 (2009).  The Court articulated a two-part test: First the defendant must show that counsel's performance was deficient … Second, the defendant must show that the deficient performance prejudiced the defense. *Strickland* at 687.

To demonstrate "prejudice," it is necessary to show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.

As will be discussed below, the representation afforded me, where counsel failed to investigate or meaningfully seek discovery on issues critical to both sentencing and restitution, not as the result of a strategic decision, but rather due to inattention, lack of understanding of the issues, or outright sloth, cannot reflect professional judgment, but instead is highly prejudicial, ineffective assistance of counsel.  *Wiggins* at 534.

At any critical stage of a defendant's case ineffective assistance of counsel is assumed to cause prejudice without any specific showing of prejudice. *United States v. Cronic,* 466 U.S. 648 (1984).

"The right to the effective assistance of counsel is thus the right of the accused to require the prosecution's case to survive the crucible of

1   meaningful adversarial testing. When a true adversarial criminal trial has

2   been conducted – even if defense counsel have made demonstrable errors –

3   the kind of testing envisioned by the Sixth Amendment has occurred. But

4   if the process loses its character as a confrontation between adversaries, the

5   constitutional guarantee is violated." *Cronic*, at 654-355.

6

7   To satisfy *Strickland* at guilty pleas, the "first half of the Strickland … test is

8   nothing more than a restatement of the standard of attorney competence already set forth in

9   *Tollett v. Henderson*." *Hill v. Lockhart,* 474 U.S. 52 (1985)(Citing *Tollett v. Henderson,* 411

10  U.S. 258 (1973). That is to say, that "counsel's representation must fall below an objective

11  standard of reasonableness." *Strickland at* 687.

12

13  **Argument – The Government Breached the Plea Agreement and Defense**

14  **Counsel Did Nothing**

15  Here, defense counsel fell below the objective standards of reasonableness in a multitude

16  of ways, but only two of which also satisfy the prejudice prong of the *Strickland* test. First,

17  defense counsel allowed defendant Haar to plead guilty while still recovering from her

18  late-2016 arteriovenous malformation stroke.

19  Second, pursuant to this guilty plea, the government promised to file a Rule 35

20  motion with this Court for downward departure, constituting up to a 50% decrease in

21  sentence after the original sentence was pronounced. There was no guarantee of the amount

22  of decrease that the government would seek, only that it would file such a motion.

23  That motion could have included a recommendation of 0% sentence decrease, and it

24  would still have been within the bounds of the plea agreement. However, the government

25  never filed this motion and defense counsel never called them to account for it. Thus, it

26  remained un-filed.

27

28

1    "3. Reduction of Sentence for Cooperation

2         "The government agrees to recommend at the time of sentencing

3    that the defendant's sentence of imprisonment be reduced by up to 50% of

4    the applicable guidelines sentence if she provides substantial assistance to

5    the government, pursuant to U.S.S.G. §5K1.1. The defendant understands

6    that she must comply with paragraphs II.G and not violate this plea

7    agreement as set forth in paragraph II.E herein. The defendant understands

8    that is is within the sole and exclusive discretion of the government to

9    determine whether the defendant has provided substantial assistance.

10        "The defendant understands that the government may recommend a

11   reduction in her sentence of less that 50% or no reduction at all; depending

12   upon the level of assistance the government determines that the defendant

13   has provided." Plea Agreement, Doc. 2, at 7.

14

15   The probation department's Presentence Investigation Report ("PSR") lists no

16   reason for downward variance ahead of sentencing. "The probation officer has not

17   identified any factors that would warrant a sentence outside the advisory guideline system.

18   PSR at ¶23.

19        At sentencing, the government and defense counsel agreed that a role-of-offense

20   adjustment should be +2 instead of +4, departing from the PSR. However, this did not

21   account for the "Substantial Assistance" motion the government promised in the plea

22   agreement that it would file.

23        This two-point reduction resulted in a calculated guidelines range of 78-97 months,

24   and that is exactly what the government recommended at sentencing.

25        "Given the nature and circumstances of the defendant's offenses, her

26   characteristics, who the true Ms. Haar is, which you can see when you look

27   at what the - - her patients say, and what her employees have said, the

28   seriousness of this offense, and the need to promote respect for the law,

Ms. Haar deserves a sentence of 78 months in jail, your Honor. And we ask

that that be her sentence." Sentencing Transcript at 22, ln 18-25.

 The only basis for the downward variance of Judge O'Neil at sentencing was due to the stroke defendant Haar suffered, and not for anything having to do with cooperation with the government.

The government had an obligation to honor the substantial assistance Mrs. Haar gave to them during the course of their investigation. The government did not, and has not honored that obligation.

It is not the job of defense counsel to shepherd a client through the sentencing process and then abandon them. It is the job of defense counsel to advocate for their client's best interests through all district court proceedings involved with a criminal prosecution.

Failing to hold the government to account for their promise to file a Rule 35(b) motion is unconscionable even before COVID-19 became a global pandemic. Now that COVID-19 is surging once again, it is clear that this ineffective assistance of counsel may well cost Mrs. Haar her life.

This is because Mrs. Haar has already served nearly 1 year of her sentence. A 50% reduction in term would mean that her total sentence would be approximately 30 months. With good conduct time credits, she would serve about 26.5 months of that, and would be appropriate for halfway house placement in five months.

This is a much different scenario when considering the forceful compassionate release request that came before this Court earlier this year. Transfer to home detention in that context is quite different from transfer to home confinement more than three years early, and the outcome of *that* pleading would certainly have been different (or at least considered differently by this Court) were the government to have upheld their side of the plea bargain.

Mr. Wolf and Mr. Pannella did nothing to hold the government to account for their promise. For the multiple reasons stated herein, this was ineffective assistance of counsel that caused measurable prejudice to her sentence. Possibly her life.

### **Argument – Defense Counsel Failed To Investigate Fruitful Evidence**

The Supreme Court has recognized that a failure to investigate or conduct discovery falls short of satisfying the constitutional minimum required for effective assistance of counsel. Indeed, _Strickland_ and numerous subsequent Supreme Court decisions have held that defense counsel is under a duty to investigate their client's case. _Id_ at 690-91; _Rompilla v. Beard_, 545 U.S. 374, 380-90 (2005); _Wiggins v. Smith_, 539 U.S. 510 (2003); _Williams v. Taylor_, 529 U.S. 362, 296 (2000); _Burger v. Kemp_, 483 U.S. 776, 794 (1987); _Kimmelman v. Morrison_, 477 U.S. 365, 384 (1986).

> "The duty to investigate is not terminated by factors such as the apparent force of the prosecution's evidence, a client's alleged admissions to others of facts suggesting guilt, a client's expressed desire to plead guilty or that there should be no investigation or statements to defense counsel supporting guilt." ABA Criminal Justice Standard 4-4.1(b)

Here, there were multiple clinics raided, and much of the business documents related to the fraud perpetrated in this case was held within those files.

Defense counsel failed to subpoena, demand, request, or otherwise compel the disclosure of these files so that the word of the government on loss and culpability could be scrutinized. As said in _Cronic_, "The right to the effective assistance of counsel is thus the right of the accused to require the prosecution's case to survive the crucible of meaningful adversarial testing." _supra._

In this case, while defendant Haar was suffering physically and mentally, while relying on her defense counsel to put the prosecution through the crucible of meaningful adversarial testing, they did nothing of the sort.

Taking the government's word at loss amounts and culpability, defendant Harr was assessed at losses that increased her base offense level by 18 points. PSR at ¶31. The

government's responsibility for disclosure is discussed in a different section. However, it cannot be ignored that counsel's failure to investigate failed to meaningfully test the government's case.

**VII.   THE GOVERNMENT WITHHELD EVIDENCE AND BREACHED THE PLEA AGREEMENT**

*Brady* violations during the plea process have the potential to void that plea.

> "A criminal defendant has a well-established due process right to require the prosecution to give him whatever material exculpatory evidence it has… The test of materiality in the context of a plea is whether there is a reasonable probability that but for the failure to produce such information the defendant would not have entered the plea but instead would have insisted on going to trial." *Tate v. Wood,* 963 F.2d 20 (2nd Cir. 1992).

Here, there is no way to tell if the evidence held in the withheld files would fit into the material category of *Brady.* But herein lies the problem. Without meaningful testing, the defense counsel was ineffective and the prosecution is somewhere akin to Schröedinger's Prosecutorial Misconduct, neither guilty or innocent of such misconduct without an evidentiary inquiry as to the materiality of the evidence withheld during the plea negotiations.

As to the clearly breached plea agreement:

> "The law presupposed fairness in securing agreement between an accused and a prosecutor… This phase of the process of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or

consideration, such promise must be fulfilled." *Santobello v. New York*,

404 U.S. 257 (1971).

It is clear from the record that the government, in writing, promised to file a motion for sentencing modification due to cooperation by defendant Haar. The government reserved the right to change the *amount* of downward variance, but they did not reserve the right not to file the motion at all. Failing to file that motion is a clear breach of plea.

"[A] guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void, a conviction based upon such a plea is open to collateral attack." *Machibroda v. United States*, 368 U.S. 487 (1962).

It is indefensible that the government simply did not hold up its end of the plea bargain, and such failure is clearly a breach of plea. That breach necessitates a review and correction of sentence.

## VIII.  CONCLUSION

Because defense counsel was ineffective,  because the government held evidence hostage during plea negotiations, and because the government breached the plea agreement by not filing a Rule 35 motion, defendant Haar must be granted relief. Defendant Haar, by and through counsel Amanda Moran, prays for

1.  A vacated sentence;

2.  An evidentiary hearing to determine materiality of *Brady* evidence withheld during plea; and,

3.  A corrected sentence pursuant to either a Rule 35 motion filed (at last) by the

government or due to expanded plea re-negotiations after investigation of withheld

evidence has been completed.

1  Respectfully submitted on November 13, 2020

2

3

4                                                    /s/Amanda K. Moran_____

5                                                    Amanda K. Moran, SBN 311090
                                                     Counsel for Defendant
6                                                         Moran Law Firm

7                                                         1330 "L" Street
                                                          Fresno, CA 93721
8                                                         (559) 264-2688

9                                                         info@moranlawfresno.com

10

11

12

13

14

15

16

17

18

19                               CERTIFICATE OF SERVICE

20

21  I, undersigned counsel for Defendant Sandra Haar, declare under penalty of perjury that I
    have served the foregoing DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR
22  CORRECT A SENTENCE PURSUANT TO 28 U.S.C. §2255 upon the captioned parties

23  by electronically filing it with the U.S. District Court for the Eastern District of California
    using its ECF System, which electronically notifies the parties.
24

25  Executed on November 13, 2020

26

27                                                   /s/Amanda K. Moran_____
                                                     Amanda K. Moran, SBN 311090
28                                                   Counsel for Defendant


                                             1