UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>SANDRA HAAR,<br><br>  Defendants. | No. 1:18-cr-00155-DAD-SKO<br><br>ORDER SETTING BRIEFING SCHEDULE AND GRANTING DEFENDANT'S MOTION TO PROCEED *PRO SE*<br><br>(Doc. Nos. 71, 72) |

On November 17, 2020, Sandra Haar ("defendant"), a federal prisoner, filed a motion to vacate, set aside, or correct her sentence under Title 28, U.S.C. § 2255, arguing ineffective assistance of counsel, among other things. (Doc. No. 61.) Defendant requested that the court hold that motion in abeyance until the Ninth Circuit resolved her appeal from a previous order denying her motion for compassionate release. This court agreed not to review defendant's § 2255 motion until defendant provided this court notice that she wished to proceed with respect to that motion. (Doc. No. 62.) Defendant has now requested that her § 2255 motion be allowed to proceed. (Doc. No. 71.) Defendant has also requested to remove her counsel of record, Amanda Moran, and that defendant be allowed to proceed *pro se* with the pending motion. (Doc. No. 72.) Finally, defendant requests an extension of time to file a supplemental brief in support of her original § 2255 motion.

/////

1

The court is unaware of any rule that permits or governs requests for extensions of time to supplement § 2255 motions. *See Murillo v. United States*, No. C20-0484JLR, 2020 WL 4207340, at *1, n. 2 (W.D. Wash. July 22, 2020) (explaining that the rules governing Section 2255 proceedings do not include a procedure by which a movant may supplement a 2255 motion with a memorandum of law). Rather, the appropriate mechanism for the court to consider such supplemental filings is Federal Rule of Civil Procedure 15, which "applies to habeas petitions with the same force that it applies to garden-variety civil cases." *James v. Pliler*, 269 F.3d 1124, 1126 (9th Cir. 2001) (citations and internal quotations omitted). Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his policy is to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc*., 244 F.3d 708, 712 (9th Cir. 2001) (internal quotation and citation omitted).

Claims elaborated upon in a memorandum of law could be construed as an amended § 2255 motion that would relate back to the date of the original motion if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out or attempted to be set out in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). In the habeas context, the Supreme Court has held that an amendment does not relate back to the date of the initial pleading and therefore defeat the one-year statute of limitations "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005)).

Without reviewing defendant's planned supplemental memorandum of law in support of her pending §2255 motion, the court cannot say with certainty how Rule 15 will apply to it. Nonetheless, the court will set a deadline for defendant to file a motion to amend her § 2255 motion, which should attach her proposed memorandum of law in support of the § 2255 motion and also present any relevant argument regarding application of Rule 15.

In light of the above:

(1) Defendant's motion to remove her counsel of record and to proceed *pro se* (Doc. No. 72) is granted; and

/////

2

(2) The court will allow defendant's § 2255 motion to proceed according to the following schedule.  Within 60 days of the date of this order, defendant may file a supplement memorandum in support of her pending § 2255 motion.  The government shall then have 60 days to file a response, after which defendant shall have 60 days to file a reply.

IT IS SO ORDERED.

Dated:  **November 9, 2021**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE