Sandra Haaar #77543-097
FMC Carswell
Federal Medical Center
P.O. Box 27137
Fort Worth, Texas 76127

Defendant in *pro se*

FILED

DEC 20 2021

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
            DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SANDRA HAAR,<br><br>　　　　　Defendant. | Case No.　　1:20-CV-01629<br>Criminal No. 1:18-CR-155<br><br>**DEFENDANT'S SUPPLEMENTAL BRIEF FOR §2255 RELIEF**<br><br>Date: No Oral Arguments Calendared |
|---|---|

　　　COMES NOW SANDRA HAAR, appearing before this Court in *pro se*, and respectfully submits this brief to supplement the original Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to Title 28 U.S.C. §2255 [Doc. 61]. This original motion was filed on November 17, 2020, but was held in abeyance pending the outcome of an appeal pending before the Ninth Circuit concerning a request for Compassionate Release under 18 U.S.C. §3582(c)(1)(A).

　　　In that appeal (No. 20-10272), the decision of this Court was affirmed. I moved this Court to both bring the §2255 out of abeyance and to remove then-counsel Amanda Moran as counsel of record to allow me to proceed *pro se* in this matter [Docs. 71 & 72]. This Court granted those motions and set a due date for this brief for 60 days after that order was given (November 9, 2021). This brief is therefore due on or before January 8, 2022.

## I. GROUNDS FOR RELIEF

In its order granting the extension of time to file this brief, this Court recognized that only arguments made in the original brief may be expanded upon herein, and that no new grounds for relief may be sought. See *Mayle v. Felix,* 545 U.S. 644, 650 (2005). Although this supplemental brief may not be as artfully written as the original request for §2255 relief, the grounds herein will be the same.

Succinctly put, there are two main grounds for relief argued in my originally-filed §2255 motion. First, that my plea agreement demands that the government will file a Rule 35(b) motion for my substantial assistance to their prosecution efforts in this case, and have breached the plea agreement by not doing so.

Second, that my defense counsel was ineffective. They never investigated the loss calculation by the government and were denied access to a host of seized documents from my clinics. A subpoena for those documents was never sought. This diminished my bargaining position during plea, it failed to subject the government's position to any adversarial testing, and caused measurable prejudice to my sentence.

This amounts to misconduct and, for the reasons stated herein, satisfies the standard required to grant §2255 relief.

## II. RELIEF SOUGHT

The relief sought herein is simple. I prey this Court orders the government to fulfill its obligation under my plea agreement to file a §5K1.1/Rule 35(b) motion for a sentence reduction based on my substantial assistance to the government during their prosecution of this case against others.

Second, either instead of or with the prior relief, I prey this Court finds my plea agreement breached and done in bath faith and orders the conviction and plea thrown out, to be re-negotiated with a good faith effort by the government to disclose all discovery materials seized from my former clinics before a new plea agreement can be negotiated with new counsel.

If the plea agreement is thrown out, then the first set of reliefs sought is negated. However, if the plea is allowed to endure, the first ground for relief can (and should) still result in my immediate release from confinement.

### III. STATEMENT OF EVENTS AND PROCEDURAL HISTORY

The events of this case were detailed in my original §2255 motion and will not be discussed here. However, since the filing of that motion, a few events have taken place. First, the appeal of my Compassionate Release motion was denied by the Ninth Circuit, affirming the decision of this Court in that matter.

Second, I let counsel go and moved for this Court to (1) bring my §2255 out of abeyance, and (2) allow me to proceed *pro se* in this matter [Docs. 71 & 72]. That motion was granted [Doc. 74].

The briefing schedule set for this matter gives me until January 8, 2022 to file this brief and for the government to respond within 60 days thereafter. I may reply to that response within 60 days of filing.

### IV. TIMELINESS

As discussed above, this brief is considered timely if filed on or before January 8, 2022.

### V. ARGUMENT: THE GOVERNMENT NEVER FILED A RULE 35(b)

Plea agreements are contractual in nature. "Our analysis begins with the fundamental rule that plea agreements are contractual in nature and are measured by contract law standards." *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005) (Quoting *United States v. Clark*, 218 F.3d 1092, 1095 (9th Cir. 2000)).

The Court lacks jurisdiction "to entertain appeals where there was a valid and enforceable waiver of the right to appeal." *Jeronimo* at 1153 (Citing *United States v. Vences*, 169 F.3d 611, 613 (9th Cir. 1999)). Whether a defendant waives his right to appeal by entering into a plea agreement and the validity of such waiver is reviewed *de novo*. *United States v. Ventre*, 338 F.3d 1047, 1051 (9th Cir. 2003).

My plea agreement included a waiver of appeal right with respect to §2255 motions. However, the language of that waiver allows for the filing of §2255 "for non-waivable claims." Plea Agreement, Doc. 2 at 12.

Insofar as the plea agreement in my case is concerned, the appeal waiver does not bar this petition if the sentence imposed is not in accordance with the negotiated agreement.

> "There are a few well-established exceptions to appeal waivers under our case law. For example, a waiver of appeal will not bar an appeal where the defendant's guilty plea was not taken in compliance with Rule 11 of the Federal Rules of Criminal Procedure…We have also held that where a judge advises a defendant without qualification, that he or she has a right to appeal, the defendant will be deemed to have such a right even though it was waived in the plea bargain. Additionally, a defendant can appeal his or her sentence notwithstanding a waiver of the right to appeal where the sentence imposed … is not in accordance with the negotiated agreement."

*Jeronimo* at fn. 2 (Internal citations omitted).

My plea agreement contained an "Agreement to Cooperate" in section G of the Plea Agreement, on page 5. This section required that I:

(1) response truthfully and completely to all questions, whether in interviews, in correspondence, telephone conversations, before a grand jury, or at any trial or other court proceeding;

(2) attend all meetings, grand jury sessions, trials, and other proceedings at which the my presence is requested by the government or compelled by subpoena or court order;

(3) produce voluntary any and all documents, records, or other tangible evidence requested by the government;

(4) not participate in any criminal activity while cooperating with the government; and,

(5) disclose to the government the existence and status of all money, property, or assets, of any kind, derived from or acquired as a result of, or used to facilitate the

4

1       commission of, the defendant's illegal activities or the illegal activities of any

2       conspirators.

3 *Id.* at 5-6.

4       I cooperated according to the plea agreement to the fullest extent possible. Number

5 (3), above, was simple as the government had already seized tens of thousands of

6 documents from my clinics around the Central Valley, and withheld access to them during

7 pretrial when I was recovering from brain surgery and trying to prepare a defense in this

8 case.

9       However, the government did not hold up their end of the plea agreement in respect

10 to my cooperation. Under section III, Government's Obligations, subsection (C)(3), found

11 on page 7 of the Plea Agreement, the government

12
13       "[A]grees to recommend at the time of sentencing that the defendant's sentence of imprisonment be reduced by up to 50% of the applicable
14       guideline sentence if she provides substantial assistance to the government, pursuant to U.S.S.G. §5K1.1."
15

16 I provided more than enough information, documents, and proffers, to constitute

17 substantial assistance to the government. The government had the opportunity at

18 sentencing to file a §5K1.1 recommendation for a sentence reduction, but did not. Further,

19 the government had one year from the time of sentencing to file for a Rule 35(b) reduction

20 in sentence for substantial assistance.

21
22       "If the government determines that the defendant has provided further cooperation within one year following sentencing, the government may
23       move for a further reduction of her sentence pursuant to Rule 35 of the Fedearl Rules of Criminal Procedure." *Id.* at 8.
24

25 Neither did the government file a motion for sentence reduction before sentencing, or

26 within a year afterwards. Given the sheer volume of information provided to the

27 government, the government is in breach of the plea agreement for failing to do as they'd

28 promised.

The government did not live up to their end of the bargain and, therefore, breached the plea agreement, per *Jeronimo*. Even if a §5K1.1 motion requested no reduction in sentence at all, it should have still be filed, but was not.

## VI. ARGUMENT: DEFENSE COUNSEL WAS INEFFECTIVE

### At Plea

The Information that began this case was filed on July 13, 2018. I had an arteriovenous malformation (AVM) stroke on December 21, 2016, which took a heavy toll on my mental functions. The AVM was officially diagnosed in August of 2017. The AVM persists and threatens constantly to cause another stroke, or other maladies associated with it.

Along with my many other medical problems, including severe gastroesophageal reflux (causing me to be consistently sleep-deprived), anxiety, depression, lack of coordination, double-vision, and vision disturbances. PSI at ¶73 & 74.

I was in no position to advocate for myself during the pretrial and pre-plea phase of this prosecution. During that time the prosecution had tens of thousands of records that had been seized from my clinics all around the Central Valley and did not turn any of these records over to my defense attorneys before negotiating a plea.

I was pressed into pleading guilty on the same day that the Information was filed in this case. A vast portion of my sentence is predicated upon the amount of loss calculated in this case ($6,107,846.85). PSI at ¶31. My defense team did nothing, and were enabled to do nothing, to mitigate any of this calculated loss because of the lack of access to the documents.

We just had to take the government's calculations as "gospel" and rely only on those for the calculation of sentencing enhancements. No defense forensic accounting was done to ensure the accuracy of this loss amount. The amount of "intended and actual loss" is quite subjective here, and the reality of the case is that the "intended and actual loss" is under $1MM, resulting in 4 few points being added to my adjusted offense level (+14 vs. +18 points).

As detailed in former-counsel Moran's initial §2255 brief, "defense counsel failed to subpoena, demand, request, or otherwise compel the disclosure of these files so that the word of the government on loss and culpability could be scrutinized." Doc. 61 at 11.

The requirement for defense counsel to investigate their clients case has been thoroughly briefed previously. See, inter alia, *Wiggins v. Smith,* 539 U.S. 510 (2003).

> "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances applying a heavy measure of deference to counsel's judgments."

*Wiggins* at 522-23 (Citing *Strickland v. Washington,* 466 U.S. 668, 690-91 (1984).

Here there can be no reasonable explanation for why defense counsel did not conduct its own investigation, or subpoena the documents withheld by the prosecution. In fact, without the restitution/loss involved, my conviction would have held an adjusted offense level of 10.[1] This results in a sentence 90% shorter than the sentence I was given, and 95% lower than my final guidelines range calculation (6-12 months v. 97-121 months for an adjusted offense level of 30 at CHC I).

With such a massive difference being made on a sentence with no calculated loss, a ***vast*** majority of my sentence exposure hinged upon the restitution/loss calculation. Because counsel made no attempt to mitigate or even investigate the loss calculation of the government prior to plea or sentencing, counsel was constitutionally defective.

That ineffectiveness had measurable prejudice in the eventual sentence given to me by this Court and, thus, meets both cause and prejudice prongs of the *Strickland* test.

### At Sentencing

At sentencing, defense counsel was constitutionally ineffective for two reasons. First, for not holding the government to their agreements made in the plea deal to move this Court for downward departure through a §5K1.1 motion.

---

[1] Assuming for the sake of this brief that losses per U.S.S.G. §2B1.1(b)(1) & (b)(7) were $0.

Second, for failing to investigate, test, or argue against the government's loss calculations to mitigate 90-95% of my eventual sentence. Both issues have been thoroughly briefed above and in the original §2255 motion [Doc. 61]. Both issues raise to the level of IAC, and both issues meet the cause/prejudice standard of *Strickland*.

## VII. CONCLUSION

Because defense counsel was ineffective, because the government held evidence hostage during plea negotiations, and because the government breached the plea agreement by not filing a Rule 35 motion, relief must be granted.

1. A vacated sentence;
2. An evidentiary hearing to determine materiality of evidence withheld during plea; and,
3. A corrected sentence pursuant to either a Rule 35 motion filed (at last) by the government or due to expanded plea re-negotiations after investigation of withheld evidence has been completed.

Respectfully submitted on December 9, 2021

*Sandra Haar*
Sandra Haar #77543-097
Petitioner in *Pro Se*
   Carswell FMC
   FEDERAL MEDICAL CENTER
   P.O. Box 27137
   Fort Worth, TX 76127

## CERTIFICATE OF SERVICE

With my signature above, I attest that I have served a true and correct copy of the foregoing brief, DEFENDANT'S SUPPLEMENTAL BRIEF FOR §2255 RELIEF, upon the Court and the representative of the government at the following addresses:

| **Michael G. Tierney** | **Clerk of the U.S. District Court** |
|---|---|
| United States Attorney's Office | Eastern District of California – Fresno |
| EDCA, Fresno | Robert E. Coyle Federal Courthouse |
| 2500 Tulare Street | 2500 Tulare Street |
| Suite 4401 | Room 1501 |
| Fresno, CA 95814 | Fresno, CA 93721 |

Service has been made by placing the same in postage-prepaid envelopes into the inmate mail system to be delivered by U.S. Postal Mail on __12__ __14__, 2021.