**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SANDRA HAAR,<br><br>　　　　Defendants. | Case No. 1:18-CR-00155-JLT-SKO<br><br>ORDER DENYING AS MOOT MOTION BROUGHT PURSUANT TO 28 U.S.C. § 2255<br><br>(Doc. 61) |

**INTRODUCTION**

Sandra Haar pleaded guilty on August 13, 2018 to one count of health care fraud in violation of 18 U.S.C. § 1347 and one count of conspiracy to receive kickbacks in violation of 18 U.S.C. § 371. (Docs. 1, 2, 4.) On November 12, 2019, U.S. District Judge Lawrence J. O'Neill sentenced Haar to 60 months imprisonment, a below-guidelines sentence. (Docs. 22, 25, 27 at 25.) On January 15, 2020, she began to serve her sentence. (Doc. 33-1 at 3.)

On May 6, 2020, Haar filed a motion for compassionate release. (Doc. 30.) U.S. District Judge Drozd denied that motion on August 25, 2020 (Doc. 56), and Haar appealed. (Docs. 58, 59.) On November 17, 2020, Haar filed a motion to correct or set aside her sentence pursuant to 28 U.S.C. § 2255. (Doc. 61.)

Pursuant to Haar's explicit request, the Court held her § 2255 motion in abeyance while her compassionate release appeal remained pending. (Doc. 62.) On June 25, 2021, the Ninth

Circuit affirmed the Court's denial of Haar's motion for compassionate release, with the mandate entering July 19, 2021. (Docs. 65, 67.) Shortly thereafter, the Court set a briefing schedule (Doc. 74), Haar supplemented her initial motion (Doc. 75), the government, after an extension of time, filed an opposition (Doc. 81), and Haar replied (Doc. 82). By the time the reply was filed on June 24, 2022, Haar had been released to home confinement. (Doc. 81 at 10 n.7.) Haar acknowledged as much in her reply brief but maintained that her § 2255 motion was not then moot because she remained subject to BOP custody while on home confinement. (Doc. 82 at 2.) However, as of the date of this order, the Bureau of Prisons' Inmate Locator indicates that Haar was released entirely from BOP custody on April 19, 2023. (*See* https://www.bop.gov/inmateloc// (last visited March 1, 2024).) As a result of this development, and for the reasons articulated below, the Court finds that Haar's § 2255 motion must be denied as moot.

**DISCUSSION**

As articulated in her supplemental § 2255 brief, Haar advances two central grounds for relief. First, she maintains that her plea agreement "demands that the government will file a Rule 35(b) motion for [ ] substantial assistance to their prosecution efforts in this case, and have breached the plea agreement for doing so." (Doc. 75 at 2.) Second, she contends that her trial counsel conducted an insufficient investigation into the loss calculation that ultimately impacted her sentence. (*Id*.) Ultimately, the <u>*relief*</u> Haar requests pertains solely to the length of her confinement, as follows:[1]

> The relief sought herein is simple. I pr[a]y this Court orders the government to fulfill its obligation under my plea agreement to file a §5k1.1/Rule 35(b) motion for a sentence reduction based on my substantial assistance to the government during their prosecution of this case against others.
>
> Second, either instead of or with the prior relief, I pr[a]y this Court finds my plea agreement breached and done in bad faith and orders

---

[1] To the extent Haar's original brief could be read to also be seeking relief from the amount of restitution imposed in this case (Doc. 61 at 6–7), such a request is not cognizable under § 2255. *United States v. Kramer*, 195 F.3d 1129, 1130 (9th Cir. 1999), as amended (Nov. 18, 1999) ("We agree with our sister circuits and join them in holding that by its plain terms, § 2255 is available only to defendants who are in custody and claiming the right to be released. It cannot be used solely to challenge a restitution order."); *see also United States v. Thiele*, 314 F.3d 399, 400 (9th Cir. 2002) ("28 U.S.C. § 2255 is available to prisoners claiming the right to be released from custody. Claims for other types of relief, such as relief from a restitution order, cannot be brought in a § 2255 motion, whether or not the motion also contains cognizable claims for release from custody.").

> the conviction and plea thrown out, to be re-negotiated with a good faith effort by the government to disclose all discovery materials seized from my former clinics before a new plea agreement can be negotiated with new counsel.
>
> If the plea agreement is thrown out, then the first set of reliefs sought is negated. However, if the plea is allowed to endure, the first ground for relief can (and should) still result in my immediate release from confinement.

(Doc. 75 at 2–3.)

Because Haar's § 2255 motion ultimately seeks only to reduce her sentence, which is now complete, the motion is moot. *See Spencer v. Kemna*, 523 U.S. 1, 18 (1998) (finding moot a 28 U.S.C. § 2254 challenge to order revoking parole because defendant already served the entire revocation term of imprisonment); *see also Robbins v. Christianson*, 904 F.2d 492, 494 (9th Cir.1990), abrogated on other grounds by *Spencer*, 523 U.S. 1 (§ 2255 motion becomes moot upon prisoner's release from custody unless motion demonstrates adverse collateral consequences from challenged sentence or conviction); *United States v. Esparza-Vera*, No. 1:13-CR-00403-DAD-BAM-1, 2019 WL 2026684, at *1 (E.D. Cal. May 8, 2019).

## CERTIFICATE OF APPEALABILITY DENIED

A defendant must obtain a certificate of appealability to appeal from the denial or dismissal of a § 2255 motion. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). When a court denies a § 2255 claim on procedural grounds rather than reaching the merits of the constitutional claim, a certificate of appealability should issue if the movant satisfies two elements. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). First, the movant must show "that jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Id*. at 484. Second, the movant must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. *Murray v. Schriro*, 745 F.3d 984, 1002 (9th Cir. 2014). Because both components are necessary to obtain a permission to appeal, a court may resolve either issue first. *Slack*, 529 U.S. at 485.

Here, the Court finds that no jurist of reason would disagree that the pending § 2255 motion is moot. Therefore, no certificate of appealability will issue.

///

**CONCLUSION AND ORDER**

For the reasons set forth above:

1. Defendant's § 2255 motion (Doc. 61) is **DENIED** as moot.

2. The Court **DECLINES** to issue a Certificate of Appealability.

IT IS SO ORDERED.

Dated:  **March 4, 2024**                                           _/s/ Jennifer L. Thurston_
                                                                                                    UNITED STATES DISTRICT JUDGE